# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAKE CHARLES DIVISION

| ANGELA LANGLINAIS | : | DOCKET NO. 05-1733 |
|---|---|---|
| VS. | : | JUDGE MINALDI |
| JO ANNE B. BARNHART, COMMISSIONER OF SOCIAL SECURITY | : | MAGISTRATE JUDGE WILSON |

## REPORT AND RECOMMENDATION

Before the court is plaintiff's petition for review of the Commissioner's denial of social security disability benefits. This matter has been referred to the undersigned magistrate judge for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).

After a review of the entire administrative record and the briefs filed by the parties, and pursuant to 42 U.S.C. § 405(g), the undersigned finds that the Commissioner's decision is not supported by substantial evidence in the record.

## BACKGROUND

Angela Langlinais filed the instant application for Disability Insurance Benefits on August 8, 2002. (Tr. 75-78). She alleged disability since March 15, 2000, due to her back condition, severe anxiety disorder, bone spurs, ruptured discs, and endometriosis. (Tr. 76, 98). Her application was denied at the initial level of the administrative process. (Tr. 56-60). Accordingly, Langlinais requested and received a February 26, 2004, hearing before an Administrative Law Judge ("ALJ"). (Tr. 26-55). However, by decision dated July 27, 2004, the ALJ found at Step Five of the sequential evaluation process that Langlinais was able to make an

adjustment to other work that exists in substantial numbers in the national economy, and thus was not disabled under the Act. (Tr. 16-24). Langlinais appealed the ALJ's decision to the Appeals Council. Yet, on July 27, 2005, the Appeals Council denied Langlinais' request for review, and the ALJ's decision became the final decision of the Commissioner. (Tr. 5-8).

On September 21, 2005, Langlinais sought review before this court. She alleges the following errors:

(1) the ALJ erred by failing to find that her impairments meet or equal those found at 20 C.F.R. 404, Subpart P, Appendix I, § 12.04;

(2) the ALJ's residual functional capacity assessment is not supported by substantial evidence;

(3) the ALJ posited a defective hypothetical question to the vocational expert at Step Five of the sequential evaluation process; and

(4) the ALJ improperly relied on the medical-vocational guidelines.

## **STANDARD OF REVIEW**

The court's review of the ultimate decision of the Commissioner is limited to determining whether the administrative decision is supported by substantial evidence and whether the decision is free of legal error. *Dellolio v. Heckler*, 705 F.2d 123 (5th Cir. 1993). Where the Commissioner's decision is supported by substantial evidence, the findings therein are conclusive and must be affirmed. *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The Commissioner's decision is not supported by substantial evidence when the decision is reached by applying the improper legal standards. *Singletary v. Brown*, 798 F.2d 818 (5th Cir. 1986). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. at 401.

When appearing before the ALJ, the plaintiff had the burden of proof to establish a medically determinable physical or mental impairment that prevented her from engaging in any substantial gainful activity for at least twelve consecutive months. 42 U.S.C. §§423(d)(1)(A) & 1381(a). A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings exist to support the decision. *Johnson v. Bowen,* 864 F.2d 340, 343-344 (5th Cir. 1988). The reviewing court may not re-weigh the evidence, try the issues *de novo*, or substitute its judgment for that of the Secretary. *Greenspan v. Shalala*, 38 F.3d 232, (5th Cir. 1994).

## **LAW AND ANALYSIS**

The secretary evaluates disability claims under the Social Security Act through a five-step process: (1) Is the claimant currently working and engaged in substantial gainful activity? (2) Can the impairment or combination of impairments be classified as severe? (3) Does the impairment(s) meet or equal a listed impairment in Appendix 1 of the Secretary's regulations? (If so, disability is automatic.) (4) Does the claimant's residual functional capacity permit her to perform past relevant work? and if not, (5) Can the claimant perform other work? 20 C.F.R. §§ 404.1520, 416.920. When a finding of "disabled" or "not disabled" may be made at any step, the process is terminated. *Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir. 1990). The first four steps place the burden upon the claimant. At the fifth step, the burden shifts to the Secretary to establish that the claimant can perform other work. If the Secretary meets this burden, then the claimant must prove that he cannot in fact perform the work suggested. *See Falco v. Shalala*, 27 F.3d 160 (5th Cir. 1994); *Muse v. Sullivan*, 925 F.2d 785 (5th Cir. 1991).

Issue 1:

The ALJ found at Step Two of the sequential evaluation process that plaintiff suffered from severe impairments consisting of: arthritis, degenerative disc disease, and depression. (*See*, Tr. 18-19, 23). However, the ALJ concluded that these impairments were not severe enough to meet or medically equal any of the impairments listed in Appendix 1, Subpart P, Regulations No. 4, at Step Three of the process. *Id.*

Plaintiff contends that her impairments meet Listings 12.04(A)(1), 12.04(A)(3), and 12.04(B)(1)(2)(3). (Pl. Reply Memo., pg. 3). Whether the claimant's medical impairments are medically equal to a listed impairment is based on medical evidence only. 20 C.F.R. § 416.926(b). In support of her argument, plaintiff cites to several pages of the medical record. (*See*, Pl. Reply Memo., pg. 3). However, the required level of severity for affective disorders under Listing 12.04 is met only when subsections A and B are *both* satisfied. 20 C.F.R. Subpart P, App. 1, Section 12.04.[1] 1.06 and 1.07. At a minimum, plaintiff has not identified record medical evidence to establish that she suffers at least two of the "B" criteria.[2] Rather, the only medical evidence to address these criteria establishes that plaintiff does not meet the requisite severity. (Tr. 179). In sum, there is substantial evidence to support the ALJ's determination that plaintiff's impairments do not meet or medically equal any listing.

---

[1] Subsection C of Listing 12.04 can be met independently of subsections A & B. *Id.* However, plaintiff has not argued the applicability of that subsection, nor has he identified any medical evidence to support its applicability.

[2] The criteria include, "1) marked restriction of activities of daily living; 2) marked difficulties in maintaining social functioning; 3) marked difficulties in maintaining concentration, persistence, or pace; or 4) repeated episodes of decompensation, each of extended duration." 20 C.F.R. Subpart P, App. 1, Section 12.04(B).

Issues 2-3:

The ALJ next determined that Langlinais retained the residual functional capacity for sedentary work reduced by: the inability to make complex decisions (but able to carry out simple one-two-three- step instructions); the inability to work in a production-driven environment; and the inability to interact with coworkers and the public on more than a limited basis. (Tr. 21).[3] Because Langlinais was unable to return to her past relevant work, the ALJ proceeded to Step Five of the sequential evaluation process, and consulted a vocational expert ("VE") to aid in determining plaintiff's employability. In her hypothetical to the VE, the ALJ asked the VE to assume someone with the same educational and vocational background as the claimant, and with a residual functional capacity similar to that ultimately adopted by the ALJ.[4]

However, the ALJ's hypothetical (and residual functional capacity determination) are not supported by substantial evidence. Plaintiff's treating physician, Kashinath G. Yadalam, M.D., is the only examining physician to have assessed the limitations imposed by plaintiff's mental impairment(s).[5] In a February 2004, evaluation, Dr. Yadalam indicated *inter alia*, that Langlinais

---

[3] Sedentary work entails:
> . . . lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.

20 C.F.R. 404.1567(a).

[4] One material discrepancy between the hypothetical and the ALJ's residual functional capacity determination is that the ALJ omitted from the hypothetical her determination that Langlinais was unable to work in a production-driven environment. (*Compare*, Tr. 21, 51-52).

[5] A non-examining agency physician, Alvin Smith, Ph.D., completed a psychiatric review technique and mental residual functional capacity assessment that indicated no more than

5

suffered marked limitation in her ability to respond appropriately to work pressures and to changes in a routine work setting. (Tr. 197-198).[6] These limitations were not included in the ALJ's hypothetical to the VE. Thus, the ALJ's hypothetical was defective and the Commissioner did not carry her burden of establishing that Langlinais could perform available work despite her impairments and associated limitations. *Boyd v. Apfel*, 239 F.3d 698, 708 (5th Cir. 2001).[7]

Accordingly, it is RECOMMENDED that this matter be REVERSED and REMANDED to the Commissioner for further proceedings consistent with this opinion.[8]

Under the provisions of 28 U.S.C. §636(b)(1)(c), the parties have ten (10) business days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10)**

---

moderate limitations in Langlinais' ability to work. (Tr. 169-186). However, an ALJ may properly rely on a non-examining physician's assessment only when those findings do not contradict the findings of the examining physician. *Carrier v. Sullivan*, 944 F.2d 243, 246 (5th Cir.1991)(quoted source omitted). Here, they do. *See*, discussion, *infra*.

[6] In an earlier August 2002 assessment, Dr. Yadalam indicated *inter alia* that Langlinais suffered marked limitation in her ability to make judgments on simple work-related decisions and to respond appropriately to changes in a routine work setting. (Tr. 117-118). He further indicated that she had extreme limitation in her ability to understand, remember, and carry out detailed instructions and to respond appropriately to work pressures. *Id*.

[7] We need not reach plaintiff's remaining assignment(s) of error. The remaining issue(s) can be addressed upon remand.

[8] Plaintiff urges the court to reverse and award benefits. However, a social security disability case can be remanded with instructions to make an award only if the record enables the court to determine definitively that the claimant is entitled to benefits. 42 U.S.C. §405(g); *McQueen v. Apfel*, 168 F.3d 152, 157 (5th Cir. 2000) (dissenting opinion)(citations omitted). The instant record does not permit us to make that determination.

**BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING ON APPEAL, EXCEPT UPON GROUNDS OF PLAIN ERROR, THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT.**

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, on October 25, 2006.

ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE